IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-64-KAC-JEM |
| | ) | |
| ERNEST MOUNT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the Motion to Withdraw as Defense Counsel and Appoint Substitute Counsel [Doc. 93], filed by Attorney Scott Saidak on January 7, 2025, and the pro se Motion to Substitute Attorney [Doc. 95], filed on January 16, 2025. *See* 28 U.S.C. § 636(b). The parties appeared for a hearing on these motions on January 17, 2025. Assistant United States Attorney Cynthia Davidson represented the Government. Attorney Scott Saidak appeared with Defendant Mount, who was also present. CJA Attorney Robert Kurtz was also present at the Court's request.

The Court appointed Attorney Scott Saidak to represent Defendant Mount at a Motion Hearing on November 15, 2024 [Doc. 78]. On January 7, 2025, Mr. Saidak filed a Motion to Withdraw as Defense Counsel and Appoint Substitute Counsel [Doc. 93]. In the motion, Mr. Saidak states that there is a conflict of interest due to "philosophical differences between counsel and Defendant Mount" that has resulted in complete breakdown of the attorney-client relationship. Mr. Saidak informs the Court that Defendant Mount desires new counsel to represent him [*Id.*]. On January 16, 2025, Defendant Mount filed a pro se Motion to Substitute Attorney

[Doc. 95]. In his motion, Defendant Mount sets forth the reasons for his dissatisfaction with Mr. Saidak.

At the motion hearing, the Government confirmed that it had no position on the motion. The Court conducted a sealed, ex parte portion of the hearing to learn more about the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court is reasonably satisfied that there are sufficient grounds to substitute counsel based on a strained relationship, which is suffering from a breakdown of communication that has compromised beyond repair counsel's ability to render effective assistance. Good cause therefore exists for substitution of counsel.

Therefore, the Motion to Withdraw as Defense Counsel and Appoint Substitute Counsel [**Doc. 93**] and Defendant Mount's pro se Motion to Substitute Attorney [**Doc. 95**] are **GRANTED**. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (requiring defendant to show good cause for the substitution of counsel). Mr. Saidak is relieved as counsel of record for Defendant Mount and Mr. Saidak is **DIRECTED** to provide new counsel with discovery and the information from Defendant Mount's file. The Court recognizes the need for Defendant Mount to be represented continuously by counsel. Attorney Robert Kurtz was present at the hearing and agreed to accept representation of Defendant Mount. The Court **SUBSTITUTES** and **APPOINTS** Mr. Kurtz under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Mount.

At the hearing, the Court heard the parties' positions on ordering the Government to reproduce discovery to new defense counsel. The Government opposed the request, citing to Rule 16 and the costs associated with reproduction. Mr. Kurtz requested that the Government be ordered to reproduce discovery, asserting that in his experience, when he inherits a case as subsequent counsel, the discovery has sometimes been altered from its original format, and that he usually

2

Case 3:24-cr-00064-KAC-JEM   Document 97   Filed 01/23/25   Page 2 of 3   PageID #: 274

requests the Government to reproduce it anyway. The Court took the matter under advisement, instructing Mr. Kurtz to file an appropriate motion if he discovers any issues with the discovery he receives from Mr. Saidak and to discuss any discovery issues with AUSA Davidson before filing a motion. At this time, the Court declines to order the reproduction of discovery to Mr. Kurtz. Mr. Kurtz may file an appropriate motion showing good cause under Rule 16(d)(1) for the Government to reproduce discovery if, upon review of the inherited files, the production appears incomplete and the missing discovery would be subject to disclosure under Rule 16(c).

Accordingly, it is **ORDERED**:

(1) the Motion to Withdraw as Defense Counsel and Appoint Substitute Counsel [**Doc. 93**] and Defendant Mount's pro se Motion to Substitute Attorney [**Doc. 95**] are **GRANTED**;

(2) Attorney Scott Saidak is **RELIEVED** of his representation of Defendant Mount, and Mr. Saidak is **DIRECTED** to provide new counsel with the discovery and information from Defendant Mount's file; and

(3) Attorney Robert Kurtz is **SUBSTITUTED** and **APPOINTED** as Defendant Mount's counsel of record under the CJA.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge